IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JORGE LUIS MENDOZA-DIAZ,

           Petitioner,

vs.

WARDEN OF MCCOOK
DETENTION CENTER, and all
persons acting under their authority,
et al.,

           Respondents.

8:26-CV-270

ORDER

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petitioner alleges that he was detained on or about March 20, 2026, and that his continued detention is unlawful *See* filing 1 at 3.

But the petitioner's transfer into ICE custody on March 22, 2026 was his first contact with U.S. immigration authorities after his entry into the United States in 2021. Filing 14 at 3-4; He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1 at 3. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).

The petitioner doesn't dispute the government's statutory authority to detain him. *See* filing 18 at 1. Instead, he argues at length that his continued detention violates due process. *See* filing 18. But the Eighth Circuit has held that the Due Process Clause permits the government to detain an alien for as long as deportation proceedings are still pending and removal in the

reasonably foreseeable future remains a possibility. *Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510 (2003)). And the petitioner has identified no reason to believe that his removal to Mexico, his country of origin, is unlikely or unforeseeable as a practical matter. *See id.* (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Accordingly, under current Eighth Circuit precedent, the petitioner's present detention is lawful.

IT IS ORDERED:

1.   The petition for writ of habeas corpus is denied.

2.   A separate judgment will be entered.

Dated this 24th day of June, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge